THE ATTORNEY GENERAL
OF TEXAS



WILL WILSON
ATTORNEY GENERAL

July 14, 1958

Honorable D. C. Greer,
State Highway Engineer,
Austin, Texas

Opinion No. WW-472

Re: May Court Costs in Condemnation
suits to secure rights of way for
State Highways be paid out of
Section 23 of the Highway Depart-
ment Appropriation?

Dear Mr. Greer:

We have received your letter in which you state:

"We wish to be advised whether or not it is proper
to pay court costs in connection with eminent domain
procedures, in connection with the acquisition of
right of way in connection with the construction of
highways out of the appropriation included in Section
23 of the Highway Department Section of House Bill
133."

The general appropriation bill for the biennium ending August 31,
1959 is contained in House Bill 133, Chapter 384, page 869 et seq. of the
Acts of the Regular Session of the 55th Legislature, 1957.

Section 23 (page 1002) of the Highway Department Appropriation
appropriates money for purposes reading in part as follows:

"for establishing, planning, constructing and
maintaining a system of highways"

Other provisions of the above appropriation bill which might be
pertinent in answering your question are (1) the provision at page 1004
providing for the transfer of funds from the Highway Department to the
Attorney General and (2) the regular appropriation for the Attorney General
at page 947.

The question to be answered is out of which of the above approp-
riations should the court costs in condemnation suits be paid. It is our
opinion that such costs should be paid out of the first of the above quoted
appropriations for the Highway Department, for the reasons hereinafter
stated:

The term "court costs" as used in this opinion includes the cost of the condemnation proceedings, including the cost of hearings before the special commissioners as well as costs on appeal from the award.

Beginning with the enactment of Chapter 186, Acts 39th Legislature, Regular Session, 1925 (V.A.C.S. Art. 6674a et seq.), the Highway Department for the first time was authorized to construct highways. Immediately prior to the enactment of House Bill 179, Chapter 300, Page 724, Acts Regular Session, 55th Legislature, 1957 (V.A.C.S. Acts 6674w to 6674w-4) and House Bill 620, Chapter 301, Page 731, same Acts, the Highway Department had no authority to condemn property for rights of way except under certain conditions when the county failed or refused to acquire the same by purchase or condemnation as provided in Art. 6674n V.A.C.S. Prior to the enactment of said House Bills 179 and 620, the Highway Department did not pay for any rights of way, but the counties were required to pay for the same. Under Section 4 of House Bill 179 (Art. 6674w-2), the Highway Department is authorized to acquire rights of way by condemnation as well as by purchase. (The Federal Government currently reimburses the State for 90% of the cost of rights of way on Interstate Highways).

The specific power above mentioned to construct highways and the additional specific power to condemn property for rights of way clearly make the cost of acquisition of a right of way a part of the cost of constructing a highway. /In this connection, attention is called to the fact that the Federal Government pays a part of the costs of rights of way and under 23 U.S.C.A. Section 23, it is provided that the term "construction" includes "the cost of the rights of way"/. There is no specific appropriation for the payment by the Highway Department of the cost of rights of way, and such payment must necessarily be paid out of the appropriation for "constructing" highways. Therefore, it clearly appears that the appropriation under Section 23 of the State Appropriation Bill aforesaid for "constructing" highways will include the cost of securing rights of way by condemnation proceedings. This leaves only to decide if court costs expended in condemnation suits in acquiring rights of way is a part of the cost of such rights of way.

In acquiring rights of way, either by purchase or by condemnation, there are certain elements that go into the cost of securing the same as well as the actual amount paid for the land alone. Before the Highway Department will make an offer to a land owner for his property, it is necessary that the Department employ appraisers to value the property. It is the policy of the Department in each case to employ two appraisers who work independently of each other. It may be necessary for the Department to employ other persons for work in connection with the acquisition of rights of way. If any private utility should be forced to file a suit to condemn property for a right of way, it certainly would charge such expenses just mentioned as a part of the cost of such right of way. Can it be said, then,

that such costs incurred by the Highway Department is not properly a part of the cost of securing the right of way?

If the Department is unable to purchase the property after going to the expense above mentioned and it is necessary to file a suit to condemn the property and in such suit the court costs are adjudged against the State, the State must pay the same. Why, then, are such court costs not as much a part of the cost of securing the right of way as the cost of employing appraisers and other expenses in securing the property? Even the cost of employing attorneys to prosecute a condemnation suit would be a proper item of cost of securing the rights of way, but we will hereinafter see that the appropriation hereinafter mentioned has provided for this item of cost of the rights of way.

The other provision at page 1004 reads as follows:

> "The State Highway Commission is authorized to direct the State Comptroller to transfer funds as it may consider necessary from the State Highway Fund to the appropriated funds available to the Attorney General for the purpose of meeting the expenses and salaries of the staff of the Attorney General in the handling of the legal work of the State Highway Department for the purpose of acquiring State Highway right of way. Any unobligated balances in such transferred amounts at the end of each fiscal year of the biennium beginning September 1, 1957, shall revert to the State Highway Fund."

It seems clear that court costs should not be paid out of the funds provided for in the above quoted provision, for the reason that it expressly provides that such funds are to pay the "expenses and salaries of the staff of the Attorney General in handling the legal work of the State Highway Department for the purpose of acquiring State Highway right of way". We do not believe that court costs can be claimed as an "expense" or "salary" of the staff of the Attorney General. Therefore, it is our opinion that this fund is not a proper fund out of which to pay court costs in condemnation suits.

The third and last appropriation above mentioned is Section 30, page 947 of the appropriation for the Attorney General's office which reads in part as follows:

> "For the purpose of paying necessary salaries for attorneys, accountants, collectors and stenographers, court costs and other necessary expenses for collecting delinquent corporation franchise taxes. . ."

Only the sum of $7,000.00 is appropriated in the above item for the two years of the present biennium. The entire amount appropriated in the above item would not be five per cent, it is estimated, of the amount needed to pay the court costs in the condemnation suits. It certainly was not contemplated that this small appropriation should take care of such a large item of expense in condemnation suits, as well as the other items mentioned. Also, there are some condemnation suits under House Bill 620, above mentioned, where the Highway Department will be required to pay a part of the court costs in suits filed by a county.

Even if the appropriation to the Attorney General should be larger and enough to pay the costs of condemnation suits, the fact that the Legislature did make a specific appropriation under Section 23 of the Highway Department Appropriation for construction of highways, which will include the cost of rights of way, which will include court costs in securing the same, shows, in our opinion, that no part of such court costs should be paid out of the appropriation for the Attorney General.

In view of the above, you are advised that court costs in condemnation suits should be paid out of the appropriation in Section 23, page 1002 for the Highway Department and should not be paid out of any other appropriation.

### SUMMARY

Court costs in condemnation suits filed by the State should be paid out of the appropriation for the Highway Department contained in Section 23, page 1002 for the biennium ending August 31, 1959.

Yours very truly,

WILL WILSON
Attorney General of Texas

By H. Grady Chandler
Assistant

HGC:fb:pf

APPROVED:
OPINION COMMITTEE

J. C. Davis, Jr., Chairman
Marietta M. Payne
Tom McFarling
Jack Goodman
Henry Braswell
REVIEWED FOR THE ATTORNEY GENERAL
By: W. V. Geppert.